**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON JONES, et al., | ) | CASE NO. 1:22-cv-00253-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | JENNIFER DOWDELL ARMSTRONG |
| | ) | |
| FERRO CORPORATION, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |
| | ) | |

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Brandon Jones' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (ECF No. 18). The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. For the reasons set forth below, Plaintiff's motion is STRICKEN in light of the Sixth Circuit's recent decision in *Clark v. A&L Homecare and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023). The parties are hereby ORDERED to conduct expedited discovery solely with respect to the issue of whether potential opt-in plaintiffs are similarly situated to Plaintiff. Finally, the Court DENIES without prejudice as premature Plaintiff's request for equitable tolling of the statute of limitations with respect to potential opt-in plaintiffs.

## II.   PROCEDURAL HISTORY

On February 15, 2022, Plaintiff Robin Lewis filed the initial complaint in this action

against Defendant Ferro Corporation ("Ferro"). (ECF No. 1). Ms. Lewis alleged that Ferro violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and Ohio Revised Code § 4111.03 by failing to pay non-exempt employees in its facilities for all hours worked. In particular, Ms. Lewis alleged that Ferro failed to pay employees for changing in and out of personal protective equipment ("PPE"); getting work instructions and/or assignments; walking to and from their assigned areas; performing production or manufacturing work; and/or showering after their shifts. Ms. Lewis brought her FLSA claim as a collective action on behalf of herself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

On November 8, 2022, Plaintiff filed an amended complaint, substituting himself as the plaintiff for Ms. Lewis. (ECF No. 16). Plaintiff alleged that he was employed July 2016 and January 2020 as an employee in Ferro's Cleveland, Ohio manufacturing and production facility.

On November 28, 2022, Plaintiff filed the present motion, seeking conditional certification of this case as a collective action, expedited opt-in discovery, and court-supervised notice to all potential opt-in plaintiffs who worked at any of Ferro's facilities between February 15, 2019 and the present. (ECF No. 18). Ferro opposed the motion, arguing, among other things, that the Court should defer ruling because a case pending before the Sixth Circuit, *Brooke Clark, et al. v. A&L Home Care and Training Center, et al*., 22-3101, could potentially alter the standards applicable to collective actions under the FLSA. (ECF No. 20). This Court subsequently entered an order deferring ruling on Plaintiff's motion until after the Sixth Circuit issued its opinion in *Clark*. (*See* ECF non-document entry dated May 8, 2023).

On May 19, 2023, the Sixth Circuit issued its decision in *Clark*, which clarified the standards governing collective actions under the FLSA, as discussed below. On May 22,

2023, the Court issued an order inviting the parties to submit supplemental briefing regarding the *Clark* decision, its impact on Plaintiff's motion for conditional certification, and whether Plaintiff satisfied the standards the Sixth Circuit announced in its decision. (*See* ECF non-document entry dated May 22, 2023).

In his supplemental brief, Plaintiff asked this Court to strike his motion for conditional certification in light of the *Clark* decision. (ECF No. 24). Plaintiff also asked the Court to enter an order compelling Ferro to provide "limited discovery" for purposes of determining whether the Court should facilitate notice to other Ferro employees. Plaintiff argued that discovery should focus solely on putative class members and whether they may be similarly situated to Plaintiff. In particular, Plaintiff asked the Court to order Ferro to provide: (1) names, dates of work, addresses, telephone numbers, and email addresses for all non-exempt manufacturing and production employees of Ferro during the relevant period; (2) time and pay data for all such employees; (3) job descriptions and documents showing the PPE for all such employees; and (4) all relevant policies and procedures regarding timekeeping and compensation for all such employees. Finally, Plaintiff argued that the Court should equitably toll the statute of limitations for all potential opt-in plaintiffs until court-approved notice could be sent to those employees.

In response, Ferro agreed that *Clark* rendered Plaintiff's motion moot. (ECF No. 25) ("[P]laintiff's prior motion should be dismissed since *Clark* makes clear that there is no such thing as 'conditional certification' and because plaintiff has not met *Clark*'s 'strong likelihood' standard"). Ferro also agreed that some discovery should occur, although Ferro argued that Plaintiff's proposed discovery was overbroad, and that discovery should be taken from Plaintiff and other potential opt-in plaintiffs in addition to discovery from Ferro. Finally,

Ferro argued that the Court should defer any decision on equitable tolling until a later date.

III.     **LAW & ANALYSIS**

    A.     **The FLSA and the *Clark* Decision**

Section 216(b) of the FLSA provides that one or more employees may bring a claim against an employer who has allegedly violated the FLSA "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) also provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*.

In *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989), the Supreme Court held that district courts have discretion in appropriate cases to facilitate notice to potential members of a collective action under Section 216(b). *See Id*. at 170.[1] The Court stated that the benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. at 170. As a result, "it lies within the discretion of a district court to begin its involvement early, at the point of initial notice." *Id*. at 171.

For a number of years, most courts considering whether to notify potential opt-in plaintiffs under the FLSA—including most district courts in this circuit—followed a two-step approach first set out in *Lusardi v. Xerox Corp.*, 99 F.R.D. 89 (D.N.J. 1983). In the first phase, which occurred at the beginning of the discovery, courts could "conditionally" certify a class "upon a modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan." *Spencer v. DMD Mgmt., Inc.*, No.

---

[1] *Hoffman-LaRoche* involved a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, which expressly incorporates Section 216(b). *See* 29 U.S.C. § 626(b).

1:21CV1698, 2022 WL 2734387, at *2 (N.D. Ohio July 14, 2022) (citing *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 547 (6th Cir. 2006)). After all opt-in forms were received and discovery was concluded, courts conducted a more thorough review of whether the opt-in plaintiffs were similarly situated the named plaintiff. *Id*. If so, the court permitted the collective action to go to trial. *Id*. If not, the court decertified the class and dismissed the opt-in plaintiffs without prejudice. *Id*.

On May 19, 2023, the Sixth Circuit decided *Clark*, which rejected the *Lusardi* two-step approach and substantially altered the standards governing collective actions under the FLSA in this Circuit. The Sixth Circuit first held that "*Lusardi*'s characterization of the notice determination as a 'certification,' conditional or otherwise" was erroneous. *Clark*, 68 F.4th at 1009. The court noted that, unlike a Rule 23 class action, "an FLSA collective action is not representative—meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Id*. (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013)). "In sum, under Rule 23, the district court certifies the action itself as a class action; whereas in an FLSA action, under § 216(b), the district court simply adds parties to the suit." *Id*. As a result "the term 'certification' has no place in FLSA actions." *Id*.

The court also emphasized that the distinction "is not one of semantics." *Id*. While courts have frequently stated that an action "proceeds" as a "collective" action after conditional certification, "'other employees' become parties to an FLSA suit (as opposed to mere recipients of notice) only after they opt in and the district court determines—not conditionally, but conclusively—that each of them is in fact 'similarly situated' to the original plaintiffs." *Id*. Thus, "whether called 'conditional certification' or otherwise . . . the notice

determination has zero effect on the character of the underlying suit." *Id*.

Having held that "conditional certification" does not change the character of the suit, the Sixth Circuit rejected the two-step *Lusardi* approach. The court held that a district court should not "facilitate notice upon merely a 'modest showing' or under a 'lenient standard' of similarity." *Id*. at 1010. The court further stated that "notice sent to employees who are not, in fact, eligible to join a suit amounts to solicitation of those employees to bring suits of their own," in violation of the Supreme Court's mandate in *Hoffman-LaRoche* that a court's "facilitation of notice must not 'in form or function' resemble 'the solicitation of claims.'" *Id*. (quoting *Hoffman-La Roche*, 493 U.S. at 174). Thus, "[t]o the extent practicable . . . court-approved notice of the suit should be sent only to employees who are in fact similarly situated." *Id*.

At the same time, the Sixth Circuit rejected an approach the Fifth Circuit recently adopted in *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021). There, the Fifth Circuit held that a court may approve notice only to employees "who are actually similar to the named plaintiffs." *Id*. at 434. The Sixth Circuit interpreted *Swales* as requiring the district court to find by a preponderance of the evidence that employees were similarly situated to the original plaintiff before notice was sent. *Clark*, 68 F.4th at 1009-10. The *Clark* court held that the Fifth Circuit's standard was too demanding, as a "potential plaintiff" could "just as easily mean employees who—based on a lesser showing of likelihood—*might* be similarly situated to the original plaintiffs, and who thus might be eligible to join the suit." *Id*. at 1010.

The court also concluded that district courts are not in a position to make similarly situated determinations with respect to employees who are not yet present in the case. *See id*.

As the court stated, "[w]hether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Id*. The court further noted that absent employees may be subject to individualized defenses, such as arbitration provisions or statutes of limitation, that could affect whether an employee is similarly situated. *Id*. These issues "tend to be factbound, meaning they depend on the specific facts pertaining to those employees." *Id*.

Instead, the *Clark* court concluded that "[a] district court's determination to facilitate notice in an FLSA suit is analogous to a court's decision whether to grant a preliminary injunction." *Id*. In particular, the court noted that both share "the requirement that the movant demonstrate to a certain degree of probability that she will prevail on the underlying issue when the court renders its final decision." *Id*. at 1011. The court thus held that, for a district court to facilitate notice of the suit to other employees, a plaintiff must "show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id*. The court further held that the requisite standard "requires a showing greater than one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id*.

The court also stated that, in applying this standard, "district courts should expedite their decision to the extent practicable." *Id*. The court noted that the limitations for FLSA claims is generally two years, and stated that a court should "waste no time in adjudicating the motion." *Id*. To facilitate the process, the court also emphasized that a district court "may promptly initiate discovery relevant to the motion, including if necessary by 'court order.'" *Id*. (quoting Fed. R. Civ. P. 26(b)(1)).

The majority opinion did not address whether equitable tolling is available under the FLSA. However, two members of the panel wrote separately (one in a concurrence and one in a partial concurrence and partial dissent) to state that equitable tolling should be available. The concurrence noted that the heightened standard the Sixth Circuit had announced "with its concomitant discovery . . . may significantly lengthen the period before potential plaintiffs are notified of a pending FLSA lawsuit." *Id*. at 1012. "As a result, many potential plaintiffs may not learn of the FLSA action until after the limitations period for some or all of their claims has run." *Id*. The concurrence stated that, without tolling, implementation of the new standard was "likely to deplete remedies Congress has duly provided." *Id*. at 1013. The partial dissent similarly stated that "given the court's new standard, district courts should feely grant equitable tolling to would-be op-in plaintiffs." *Id*. at 1017.

## B.   The Impact of *Clark* on Plaintiff's Motion

As noted above, following the *Clark* decision, the Court invited the parties to submit supplemental briefing on how *Clark* impacted Plaintiff's pending motion for conditional certification and whether Plaintiff has satisfied the heightened standard the Sixth Circuit set out in *Clark*. In his supplemental brief, Plaintiff asked the Court to strike his motion for conditional certification without prejudice. (ECF No. 24). Ferro similarly argues that Plaintiff's motion should be dismissed because "conditional certification" no longer exists in this circuit and because Plaintiff has not satisfied the *Clark* standard. (ECF No. 25). The Court agrees that striking Plaintiff's motion is appropriate in light of the new standard that *Clark* established after briefing on Plaintiff's motion was completed. Accordingly, the Court hereby STRIKES Plaintiff's motion for conditional certification without prejudice to Plaintiff seeking Court-authorized notice to potential opt-in plaintiffs in the future.

Plaintiff also raised two additional issues in his supplement brief. First, Plaintiff asked

the Court to order expedited discovery from Ferro relating to the "similarly situated" inquiry. Second, Plaintiff asked the Court to enter an order equitably tolling the statute of limitations with respect to all potential opt-in plaintiffs. The Court addresses each issue in turn.

### 1. Discovery

Plaintiff asks the Court to order Ferro to produce four categories of documents: (1) names, dates of work, addresses, telephone numbers, and email addresses for all non-exempt manufacturing and production employees of Ferro during the relevant period; (2) time and pay data for all such employees; (3) job descriptions and documents showing the PPE for all such employees; and (4) all relevant policies and procedures regarding timekeeping and compensation for all such employees. Plaintiff also asks the Court to permit him to take a deposition of Ferro pursuant to Federal Rule of Civil Procedure 30(b)(6) limited solely to the question of whether similarly situated employees exist. Ferro agrees that some discovery is appropriate but argues that Plaintiff's proposed discovery is overbroad. Ferro also argues that it should be permitted to take discovery from Plaintiff and potential opt-ins in addition to Plaintiff taking discovery from Ferro.

This issue comes to the Court in an unusual posture. While Plaintiff requests an order compelling Ferro to produce four categories of documents, it does not appear that Plaintiff has served discovery requests on Ferro or otherwise formally requested those materials, and neither party has filed a motion to compel or a motion for a protective order. Instead, Plaintiff is effectively asking the Court to craft discovery requests directed to Ferro on its own initiative.

While *Clark* emphasized a district court's ability to promptly initiate discovery, the Court does not interpret *Clark* as requiring a district court to order a defendant to produce particular documents absent a formal request. Instead, the Court concludes that the

appropriate procedure is for the parties to conduct a period of expedited discovery—including both written discovery and depositions—during which either party may seek documents and information that the party reasonably believes is relevant to the "similarly situated" inquiry. The Court orders that all such discovery shall be completed within 90 days of the date of this Order.

While the Court will not order Ferro to produce specific documents at this stage, the Court will provide some guidance to the parties regarding the permissible scope of discovery in light of *Clark*. First, the Court agrees with Plaintiff that at least some discovery into the identities, job titles, and contact information of potential opt-in plaintiffs is warranted. As the *Clark* court noted, the similarly situation determination "tend[s] to be factbound" and "the 'other employees' themselves will usually have knowledge—sometimes unique knowledge—of the relevant facts." *Clark*, 68 F.4th at 1010.

Ferro argues that provision of contact information is inappropriate because *Clark* "unambiguously rejected the contention that the claimed representative be provided with contact or individualized information for yet more potential plaintiffs." (ECF No. 25). However, Ferro does not quote any portion of the *Clark* decision unambiguously rejecting discovery into potential opt-in plaintiffs, and the Court does not read any portion of *Clark* as compelling such a result.

Ferro also argues that discovery of contact information for potential opt-in plaintiffs prior to conditional certification was prohibited even under the more-lenient *Lusardi* regime. It is true that some courts held that plaintiffs are not entitled to contact information for potential opt-in plaintiffs prior to conditional certification. *See, e.g.*, *Osborne v. Nicholas Fin., Inc.*, No. 3:12-0185, 2013 WL 1182682, at *3 (M.D. Tenn. Mar. 21, 2013); *Peterson v.*

*Medtronic, Inc*., No. 2:17-cv-02457, 2018 WL 11240431, at *8 (W.D. Tenn. May 10, 2018).

Many other courts, however, have permitted such discovery. *See Miller v. Steam Generating Team, LLC*, No. 2:20-mc-00234, 2020 WL 1821698, at *1 (W.D. Pa. Apr. 10, 2020) ("district courts, including Third Circuit district courts, allow discovery of putative class member information prior to conditional certification"); *Burnett v. Wahlburgers Franchising LLC*, No. 16-4602, 2017 WL 11504788, at *5 (E.D.N.Y. Dec. 6, 2017) (granting plaintiffs' request for "collective action members' names, last known addresses, and telephone numbers" prior to conditional certification); *Jefferson v. Walgreen Co*., No. 8:10-cv-1211, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010) (allowing plaintiffs to obtain discovery as to identity and contact information of potential opt-in plaintiffs prior conditional certification); *Sjoblom v. Charter Comms., LLC*, No. 3:07-cv-0451, 2008 WL 4276928, at *2 (W.D. Wis. Jan. 4, 2008) ("The identity of defendant's employees and employment practices related to those employees are reasonably likely to yield support for plaintiff's class allegations.") (permitting discovery of identity and contact information of other employees prior to conditional certification). Notably, at least one court in the Fifth Circuit has also permitted discovery of contact information for other employees prior to certification after the Fifth Circuit issued its decision in *Swales. See Paschal v. Perry's Restaurants Ltd*., No. 1:22-cv-00027, 2022 WL 17365273, at *4 (W.D. Tex. Nov. 30, 2022) ("The Court concludes that, to determine whether the identified group is similarly situated, preliminary discovery is material as to servers at all of Defendant's Texas locations, not just the named and opt-in plaintiffs.").

Given the heightened standard that the Sixth Circuit has now imposed on FLSA plaintiffs, the Court agrees that it would be unreasonable to expect Plaintiff to satisfy that

burden while at the same time denying Plaintiff information about potential opt-in plaintiffs that could assist Plaintiff in satisfying his burden. At the same time, however, the Court is cognizant of the Sixth Circuit's admonition that the Court's facilitation of notice must not "'in form or function' resemble 'the solicitation of claims.'" *Clark,* 68 F.4th at 1010 (quoting *Hoffman-LaRoche,* 493 U.S. at 174)). Thus, Plaintiff is entitled to information regarding other employees of Ferro only to the extent that such information reasonably relates to the question of whether such employees are similarly situated to Plaintiff.

Ferro further argues that expedited discovery should include discovery from Plaintiff and other opt-ins in addition to discovery from Ferro. The Court agrees. As the Sixth Circuit noted in *Clark*, "[d]efendants depose plaintiffs in civil litigation for good reasons: among them, plaintiffs often know relevant facts (sometimes helpful to the plaintiff's case, sometimes harmful) that the defendant does not." *Id. Clark* also expressly held that courts may consider individualized defenses, such as the presence of an arbitration agreement or a statute of limitations defense, at the notice stage. *Id*. at 1012. The Court concludes that Ferro is entitled to discovery from Plaintiff and other potential opt-ins as well. As with discovery into Ferro's employees, however, any discovery from Plaintiff or other opt-ins shall be limited to information bearing on the "similarly situated" inquiry.

Finally, Ferro argues that discovery should be limited to the facility at which Plaintiff himself worked. In particular, Ferro argues that "employees working under different policies typically are not similarly situated," and asserts that each Ferro facility had its own timekeeping policies and processes. (ECF No. 25). Ferro's argument begs the question regarding whether the employees at different facilities were actually subject to different policies. That issue that is not properly before the Court at this time given that both parties

agree Plaintiff's motion for conditional certification should be stricken or denied. Ferro concedes that Plaintiff has submitted declarations from employees at two of Ferro's eight facilities (*see* ECF No. 20, PageID # 162), and the Court concludes that Plaintiff is entitled to limited discovery into Ferro employees at other facilities as well.

In conducting expedited discovery, the Court expects that the parties will work in good faith to carry out expedited discovery within the contours set forth above. Should a dispute arise between the parties that cannot be resolved absent court intervention, either party may file an appropriate motion with the Court in accordance with the procedures set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### 2. *Equitable Tolling*

Plaintiff also argues that the Court should equitably toll the statute of limitations with respect to potential opt-in plaintiffs not currently before the Court. Plaintiff notes that the statute of limitations for FLSA claims is two years and continues to run until a potential claimant's written consent is filed with the court. *See* 29 U.S.C. §§ 255(a), 256(b). Plaintiff argues that *Clark* will inevitably lengthen the notice process, and further argues that two members of the *Clark* panel indicated that equitable tolling should apply. Defendant responds that equitable tolling is unwarranted and that any decision on equitable tolling is premature because the potential opt-in plaintiffs are not currently before the Court

Courts are divided on whether it is appropriate for a court to equitably toll the statute of limitations for potential opt-in plaintiffs in an FLSA case before those employees actually opt in. Some courts have held that equitable tolling is appropriate for all potential plaintiffs prior to what was previously known as "conditional certification." *See Kampfer v. Fifth Third Bank*, No. 3:14 cv 2849, 2016 WL 1110257, at *7 (N.D. Ohio Mar. 22, 2016) (holding that equitable tolling was appropriate for all potential opt-in plaintiffs under the circumstances of

that case); *Osman v. Grube, Inc.*, No. 16-cv-802, 2017 WL 2908864, at *8-10 (N.D. Ohio July 7, 2017) (holding that equitable tolling was not premature prior to conditional certification but denying equitable tolling on the merits); *Torres v. Vitale's Italian Restaurant, Inc.*, No. 1:18-cv-547, 2021 WL 5628781, at *4 (W.D. Mich. Apr. 9, 2021) ("Although the potential opt-in plaintiffs are not yet parties to this case, the Court concludes that equitable tolling should apply to them.")

Many courts, however, have held that it is premature for a court to rule on the question of equitable tolling before a decision on conditional certification and before the potential opt-in plaintiffs are properly before the court. *See Woods v. First Transit, Inc.*, No. 1:21-cv-739, 2022 WL 4465752, at *2 (N.D. Ohio Sept. 26, 2022) ("Defendant is correct that it is premature for the Court to rule on equitable tolling at this point because the Court has not ruled on conditional certification"); *Lemmon v. Harry & David Operations, Inc.*, No. 2:15-cv-779, 2016 WL 234854, at *8 (S.D. Ohio Jan. 20, 2016) (denying motion for equitable tolling with respect to all putative class members and stating that equitable tolling must be applied on a case-by-case basis); *Taylor v. Pilot Corp.*, No. 2:14-cv-2294, 2018 WL 10550646, at *2 (W.D. Tenn. Mar. 8, 2018) (stating that "to make use of the equitable tolling doctrine, the party asserting it must have standing in the case," and holding that named plaintiffs lacked standing to seek equitable tolling on behalf of potential opt-in plaintiffs); *Mende v. Wildcat Investments, LLC*, No. 2:17-cv-286, 2018 WL 11432996, at *3 (S.D. Ohio Oct. 24, 2018) ("Most district judges in this circuit have concluded that it is improper to equitably toll the claims of potential opt-in plaintiffs who are not yet before this court.") (citing cases).

After careful consideration, the Court agrees with the courts who have held that it is

premature to consider whether the statute of limitations should be tolled with respect to potential opt-in plaintiffs. The Court is mindful of the Sixth Circuit's admonition that equitable tolling must be considered on a case-by-case basis. The Court also questions whether Plaintiff has standing to seek equitable tolling on behalf of absent class members. Moreover, while two members of the *Clark* panel stated that equitable tolling should be available in FLSA actions, neither indicated that a court should address the issue prior to the notice determination. The Court thus does not read *Clark* as requiring a court to consider equitable tolling prior to any notice being sent to potential opt-in plaintiffs.

Accordingly, the Court DENIES Plaintiff's request for equitable tolling without prejudice. If notice is ultimately provided to potential opt-in plaintiffs, any opt-in plaintiffs whose claims may otherwise be time-barred may move for equitable tolling at that time.

## IV.   CONCLUSION

For the foregoing reasons, the Court STRIKES Plaintiff's motion for conditional certification without prejudice. The Court further orders the parties to conduct expedited discovery solely with respect to whether potential opt-in plaintiffs are similarly situated to Plaintiff. All such discovery shall be completed within 90 days of the date of this Order. Should any dispute arise between the parties regarding such discovery, either party may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules. Finally, the Court DENIES without prejudice Plaintiff's request that the Court equitably toll the statute of limitations with respect to potential opt-in plaintiffs.

**IT IS SO ORDERED.**

Dated: <u>July 11, 2023</u>

<u>s/ *Jennifer Dowdell Armstrong*</u>
Jennifer Dowdell Armstrong
U.S. Magistrate Judge