UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON JONES, on behalf of himself and all others similarly situated, ) | CASE NO.: 1:22-CV-00253-JDA |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| ) | |
| vs. ) | |
| ) | |
| FERRO CORPORATION, ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| ) | |
| Defendant. ) | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On February 15, 2022, Robin Lewis filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant unlawfully failed to pay its hourly, non-exempt employees, including Plaintiff, for all time worked and overtime compensation for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03. (Doc.1.)

2. On November 8, 2022, Plaintiff filed a stipulated Amended Complaint substituting Brandon Jones as the Representative Plaintiff, alleging the identical claims. (Doc.16.) Specifically, Plaintiff alleges that he and other similarly situated manufacturing/production employees were only paid for work performed between their

scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including, but not limited to, pants, shirt, jacket, helmet/hard hat, gloves, boots, safety glasses, earplugs, respirator, and/or hazmat suit; b) getting work instructions and/or assignments; c) walking to and from their assigned area of the manufacturing/production floor; d) performing their production/manufacturing work; and/or e) showering after their shifts.

3. On November 28, 2022, Plaintiff filed his Motion for Conditional Certification, Expediated Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (Doc. 18.) On December 26, 2022, Defendant filed its Opposition Brief (Doc. 20). On January 9, 2023, Plaintiff filed his Reply Brief. (Doc. 21.)

4. On July 11, 2023, this Court ordered Plaintiff's Motion stricken "in light of the Sixth Circuit's recent decision in *Clark v. A&L Homecare and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023), and ordered the parties to conduct expedited discovery on the issue of whether potential opt-in plaintiffs are similarly situated to Plaintiff. (Doc. 28.)

5. The Parties engaged in formal discovery between July and November 2023, including written Interrogatories and Requests for Production of Documents, exchanging relevant documents, and taking the depositions of Plaintiffs Brandon Jones, Craig Moore, James Wardzala, and Norberto Beauchamp, and 30(b)(6) designees Jennifer Colson and Jordan Patric.

6. In December 2023 the Parties agreed to stipulate to issue notice and on January 9, 2024, the Parties filed their Joint Stipulation to Issue Notice to Potential Opt-In Plaintiffs. (Doc. 32.) On January 17, 2024, this Court issued its Order approving the Parties' proposed Notice to the Class. (Doc. 33.) The Class to whom Notice was issued was: All former and current non-exempt manufacturing/production employees of Ferro Corporation employed at the Cleveland,

2

Ohio facilities at any time between November 28, 2019, and the present.

7. On February 7, 2024, Plaintiffs' Counsel issued Notice via regular U.S. Mail. In addition to Representative Plaintiff Brandon Jones, 13 Opt-In Plaintiffs remain in this action and are included in this Settlement.

8. The Parties engaged in substantial investigation and informal and formal discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses. The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculations of Plaintiffs' and Opt-In Party Plaintiffs' alleged damages.

9. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

10. Between August 13, 2024, and November 25, 2024, the Parties engaged in extensive settlement negotiations. On November 25, 2024, the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1 to the Parties' Motion. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

11. The Parties agree that *bona fide* disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation and minimum wages under the FLSA and/or OMFWSA.

12. Furthermore, there is a *bona fide* dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as

3

Defendant claims it did not act willful and has a good faith defense.

13. Finally, there is a *bona fide* dispute over whether Defendant owed Plaintiffs any additional overtime compensation because the Collective Bargaining Agreement provided for employees to receive 20 minutes of paid wash time each day, in addition to a 30-minute paid meal period, for a total of 50 minutes per day – or over 4 hours per work week.

14. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair, adequate, and reasonable settlement of a *bona fide* dispute over the provisions of the FLSA and OMFWSA.

15. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

16. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  6th  day of    January               , 2025.

                        *s/Jennifer Dowdell Armstrong*
                        HONORABLE MAGISTRATE JUDGE
                        JENNIFER DOWDELL ARMSTRONG